**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13704

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ZIN NAING HTUN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:24-cr-60116-AHS-1

_____

Before ROSENBAUM, ABUDU, and MARCUS, Circuit Judges.

PER CURIAM:

Zin Naing Htun appeals his below-Guidelines sentence of 66 months' imprisonment for transportation and possession of child

pornography. Htun argues that his sentence is substantively un-reasonable. After thorough review, we affirm.

We review the sentence a district court imposes for "reason-ableness," which "merely asks whether the trial court abused its discretion." *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008) (citation modified). In reviewing the "'substantive reasona-bleness of [a] sentence imposed under an abuse-of-discretion stand-ard,'" we consider the "'totality of the circumstances.'" *Id*. at 1190 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). The district court must impose a sentence "sufficient, but not greater than nec-essary, to comply with the purposes" listed in 18 U.S.C. § 3553(a).[1]

The court must consider all of the § 3553(a) factors, but "the weight given to each factor is committed to the sound discretion of the district court," and the court may attach great weight to one factor over the others -- a decision that is within its sound discre-tion. *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022); *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). The district court is not required to discuss each of the § 3553(a)

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote re-spect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or voca-tional training or medical care; (6) the kinds of sentences available; (7) the Sen-tencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

factors, and an acknowledgment that it has considered the § 3553(a) factors will suffice. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). Additionally, the court's "failure to discuss mitigating evidence does not indicate that the court erroneously ignored or failed to consider the evidence." *Butler*, 39 F.4th at 1356 (citation modified).

However, a sentence may be substantively unreasonable when a court unjustifiably relies on any single § 3553(a) factor, fails to consider pertinent § 3553(a) factors, bases the sentence on impermissible factors, or selects the sentence arbitrarily. *Pugh*, 515 F.3d at 1191–92. A sentence that suffers from one of these symptoms is not *per se* unreasonable; rather, we must examine the totality of the circumstances to determine the sentence's reasonableness. *Id.* at 1192. "We will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of *all* the circumstances presented." *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010) (citation modified). We will vacate a sentence only if we are left with the "'definite and firm'" conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that is outside the range of reasonable sentences dictated by the facts of the case. *Pugh*, 515 F.3d at 1191.

The party challenging the sentence bears the burden of demonstrating that the sentence is unreasonable in light of the record, the factors listed in 18 U.S.C. § 3553(a), and the substantial

deference afforded sentencing courts. *Rosales-Bruno*, 789 F.3d at 1256. We ordinarily expect a sentence within the Guidelines range to be reasonable, and a sentence below the statutory maximum indicates reasonableness. *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014).

Here, Htun has not shown that the district court abused its discretion in imposing his below-Guidelines 66-month sentence. As the record reflects, the Guidelines range for Htun's offenses of transportation and possession of child pornography was 78 to 97 months' imprisonment. At the sentencing hearing, Htun argued for a downward variance to the mandatory minimum of 60 months' imprisonment by stressing that he had no criminal history and did not produce nor distribute child pornography. He noted that, as a "sole provider and caregiver," he supported multiple family members in Myanmar during its civil war; he had family members with health issues; he himself had developed a health issue in detention; and he had cooperated with law enforcement, accepted responsibility, and did not waste judicial resources or re-traumatize victims. For its part, the government argued for a low-end Guidelines sentence of 78 months' imprisonment because Htun admitted his guilt and accepted responsibility. It highlighted that Htun chose to keep specific child pornography in a password-protected folder on his phone; he had willingly joined a group sharing child pornography; and he possessed 935 images of child pornography.

In imposing sentence, the district court said that it had considered the statements of the parties, the advisory Guidelines, the

statutory sentencing factors outlined in 18 U.S.C. § 3553, the facts of this case, the mandatory sentence in this case, and its sentencing in other similar cases. It noted that the Judicial Sentencing Information ("JSIN") data about other offenders was of less use in this case because the data included defendants without mandatory minimums, and noted that the use-of-a-computer enhancement was "a bit redundant" given the current state of technology. The judge added that his mother was from Myanmar and he was familiar with the civil war there. The court then imposed a below-guidelines sentence of 66 months' imprisonment for counts one and two, to be served concurrently.

On appeal, Htun argues that the district court failed to afford consideration to relevant factors that were due significant weight, but we are unpersuaded. The court expressly said that it considered the advisory Guidelines, the § 3553(a) factors, the facts of the case, the mandatory minimum sentence, and its own sentences for similar cases. In addition, Htun's reference to the JSIN data is not helpful in his case, since that data lumps together defendants with and without mandatory minimum sentences, and Htun had a mandatory minimum sentence of 60 months' imprisonment. Further, to the extent Htun argues that the court did not expressly mention his medical condition or financial support of his family, it was not required to do so. *Butler*, 39 F.4th at 1356. Indeed, the court's statement that it reviewed the § 3553(a) factors was sufficient to demonstrate a proper application of § 3553(a) to the facts of the case. *Turner*, 474 F.3d at 1281.

Nor did the district court commit a clear error of judgment when considering the proper factors. Htun cites no evidence in the record that the court improperly weighed the § 3553(a) factors, instead pointing to the weight the government placed on the fact that Htun possessed 935 images of child pornography. By Htun's own argument, the court did not comment on the weight it placed on this enhancement, and whatever weight it may have placed on this, or other evidence, was within its discretion. *Rosales-Bruno*, 789 F.3d at 1254. Moreover, the court imposed a sentence that was well below the 40-year statutory maximum and below the bottom of the guideline range, indicating reasonableness. *Stanley*, 739 F.3d at 656.

**AFFIRMED.**